UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | No. 2:18-cv-2218 TLN CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint is 24 pages and would be significantly longer if plaintiff used normal spacing and font size. Also, much of the information included in the complaint is not relevant to stating a claim upon which relief can be granted and many of the assertions of violations of various rights are not supported by sufficient allegations of fact. With respect to several of the defendants, including the Director of CDCR and others in management, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." Id.

In light of the foregoing, plaintiff's complaint does not resemble anything "short and plain" and must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, the amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. To that end, the amended complaint may not exceed 20 pages and must be written with normal spacing and font size.

Also, plaintiff may bring as many claims as he likes against a particular defendant in his amended complaint. Fed. R. Civ. P. 18(a). But, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2).

In order to state a claim upon which relief can be granted in his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), alleging in specific terms how each named defendant is involved.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

2

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court notes that plaintiff has filed two motions for preliminary injunctive relief. Since the underlying complaint is being dismissed with leave to amend, those motions will be denied without prejudice to plaintiff seeking preliminary injunctive relief with has amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2 & 12) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's motions for preliminary injunctive relief (ECF No. 3 & 7) are denied without prejudice to plaintiff filing a motion for preliminary injunctive relief with his amended complaint.

Dated: January 9, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lamo2218.14