UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 2:18-cv-2218 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with claims pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR). On January 9, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed the complaint with leave to amend. As to the contents of the amended complaint, plaintiff was instructed he must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure which basically requires that a complaint be "short and plain." Plaintiff was also informed that he may bring as many claims as he likes against a particular defendant. Fed. R. Civ. P. 18(a). But, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2).

Plaintiff has not complied with either directive. The complaint contains several pages of vague and conclusory allegations and information otherwise not relevant to stating an actionable

1

claim. Also, plaintiff names approximately 35 defendants and 10 "doe" defendants all of whom were allegedly "acting in concert" with one another without identifying any facts suggesting as much. Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims. Furthermore, a claim upon which the court can grant relief must have facial plausibility. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).

In the court's January 9, 2019 order, plaintiff was also informed:

> With respect to several of the defendants, including the Director of the CDCR and others in management, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." Id.

Yet, in his amended complaint, plaintiff still makes allegations against several higher ranking CDCR officials without pointing to any facts suggesting they personally participated in anything alleged by plaintiff.

For all the foregoing reasons, plaintiff's amended complaint will be dismissed. The court will give plaintiff one final opportunity to amend. If plaintiff fails in any material respect to follow the directions given to him in the court's January 9, 2019 order as to the contents of his pleadings, the court will recommend that this matter be dismissed for failure to follow court rules under Federal Rule of Civil Procedure 41(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted 30 days within which to file a second amended complaint which complies with the terms of the court's January 9, 2019 order. Plaintiff's failure in any material respect to follow the directions given to him in the court's January 9, 2019 order with respect to the drafting of his second amended complaint will result in a recommendation that this action be dismissed.

Dated: September 30, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lamo2218.14(3)