UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 2:18-cv-2218 TLN CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| KATHLEEN ALLISON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se, in forma pauperis and seeking relief pursuant to 42 U.S.C. § 1983.

I. Background

Plaintiff commenced this action on August 15, 2018 with the filing of his complaint. On January 9, 2019, the court screened the complaint, and dismissed it with leave to amend. On March 25, 2019 plaintiff filed an amended complaint; on September 30, 2019, the court dismissed plaintiff's amended complaint with leave to amend within 30 days.  Plaintiff was specifically informed that his failure "in any material respect to follow the directions given to him in the court's January 9, 2019 order with respect to the drafting of his second amended complaint will result in a recommendation that this action be dismissed."  In response to that order, plaintiff filed what was construed by the district judge assigned to this case to be a motion for reconsideration. ECF No. 22.  On October 31, 2019, the district court judge denied the motion and granted

plaintiff 21 days within which to file "a second amended complaint in accordance with the September 30, 2019 order . . ." ECF No. 25.

Plaintiff failed to file a second amended complaint within the specified time frame. Therefore, on January 29, 2020, the court recommended that this action be dismissed. The next day the court received a second amended complaint and a motion for leave to amend.

In addition, on February 14, 2020, plaintiff filed objections to the recommendation that this action be dismissed. Plaintiff indicates that he never received a copy of the district court judge's October 31, 2019 order so he was not aware there was a deadline established as to the filing of the second amended complaint.

Good cause appearing, the court will vacate the recommendation that this action be dismissed, and plaintiff's motion for leave to amend will be denied as unnecessary as plaintiff was given leave to amend by this court and the district court.

II. Screening of Plaintiff's Second Amended Complaint

As plaintiff knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a). Further, as plaintiff was informed in the court's January 9, 2019 screening order regarding his original complaint, under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering plaintiff's original complaint, the court found the original complaint was too long for purposes of Rule 8(a)(2):

> Plaintiff's complaint is 24 pages and would be significantly longer if plaintiff used normal spacing and font size. Also, much of the information included in the complaint is not relevant to stating a claim upon which relief can be granted and many of the assertions of violations of various rights are not supported by sufficient allegations of fact. With respect to several of the defendants, including the Director of CDCR and others in management, plaintiff fails to make any allegations suggesting personal participation in any of the deprivations alleged. Liability in a 42 U.S.C. §1983 case "arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." Id.
>
> In light of the foregoing, plaintiff's complaint does not resemble anything "short and plain" and must be dismissed.

Plaintiff filed his first amended complaint on March 25, 2019. While this complaint was fewer than 20 pages, plaintiff again failed to adhere to the applicable rules concerning joinder of defendants:

> The complaint contains several pages of vague and conclusory allegations and information otherwise not relevant to stating an actionable claim. Also, plaintiff names approximately 35 defendants and 10 "doe" defendants all of whom were allegedly "acting in concert" with one another without identifying any facts suggesting as much. Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims. Furthermore, a claim upon which the court can grant relief must have facial plausibility. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff was again advised of the parameters of a proper complaint when the court screened his amended complaint on September 30, 2019. At that time plaintiff was informed:

> [T]he amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. To that end, the amended complaint may not exceed 20 pages and must be written with normal spacing and font size.
>
> Also, plaintiff may bring as many claims as he likes against a particular defendant in his amended complaint. Fed. R. Civ. P. 18(a). But, claims brought against other defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2).

Plaintiff's first amended complaint was dismissed and plaintiff was given one final opportunity to amend. Plaintiff was specifically warned "[i]f plaintiff fails in any material respect to follow the directions given to him in the court's January 9, 2019 order as to the contents of his pleadings, the court will recommend that this matter be dismissed for failure to follow court rules under Federal Rule of Civil Procedure 41(b)."

Plaintiff has now filed a second amended complaint. ECF No. 30. Inexplicably, this amended complaint is 31 pages long. Further, plaintiff names approximately 50 defendants from six separate prisons and points to events spanning 4 years. No aspect of the second amended complaint is "short and plain"; plaintiff points to alleged acts of alleged malfeasance generally too vague to amount to anything actionable and too numerous to count, but probably in the neighborhood of 100, including at least ten defendants at three different prisons (at times conspiring with inmates) to hide harmful drugs in plaintiff's food. According to plaintiff, all of the acts alleged are bound together as a conspiracy to, among other things, "expropriate" his

3

personal property and punish him for filing lawsuits and grievances.

Plaintiff has been given specific instructions regarding the requirement that he submit pleadings which comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and rules concerning proper joinder of defendants, and plaintiff has chosen to submit pleadings which blatantly do not comply. Accordingly, the court is left with no reasonable alternative except to, as the court warned it would do on September 30, 2019, recommend that this action be dismissed for plaintiff's failure to follow court orders pursuant to Federal Rule of Civil Procedure 41(b). The court will recommend that dismissal be without prejudice so plaintiff may initiate another action, or actions, asserting claims presented in his second amended complaint and which might survive screening if plaintiff follows the directions given to him in this action.

Finally, on January 31, 2020, plaintiff filed a motion seeking a temporary retraining order or a preliminary injunction. In light of the foregoing, and because plaintiff does not identify the relief sought in his motion, the court will recommend that motion be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of the district's court's October 31, 2019 order (ECF No. 25) upon plaintiff.

2. The court's January 29, 2020 findings and recommendations are vacated.

3. Plaintiff's motion for leave to file a second amended complaint (ECF No. 29) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice for failure to follow court orders under Rule 41(b) of the Federal Rules of Civil Procedure; and

2. Plaintiff's motion for a temporary retraining order and preliminary injunction (ECF. No. 31) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 21, 2020

                                               /s/ Carolyn K. Delaney
                                               CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE

1
lamo2218.frs