1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   BARRY LOUIS LAMON,                           No.  2:18-cv-02218-TLN-CKD

12                    Plaintiff,

13          v.                                    **ORDER**

14   KATHLEEN ALLISON, et al.,

15                    Defendants.

16

17          Plaintiff Barry Louis Lamon ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this

18   civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United

19   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On February 21, 2020, the magistrate judge filed findings and recommendations which

21   were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings

22   and recommendations were to be filed within fourteen days.  (ECF No. 35.)  On April 27, 2020,

23   Plaintiff filed Objections to the Findings and Recommendations.  (ECF No. 42.)

24          This Court reviews *de novo* those portions of the proposed findings of fact to which

25   objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

26   *Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see*

27   *also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

28   findings of fact to which no objection has been made, the Court assumes its correctness and

                                                    1

decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

To the extent Plaintiff's objections may be construed as a Motion for Reconsideration of the magistrate judge's Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint as "unnecessary," Plaintiff's motion is DENIED.  (ECF No. 42 at 6–8.)  A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Plaintiff has had multiple opportunities to amend and nothing in Plaintiff's Motion for Reconsideration indicates any manifest errors of law or fact, newly discovered evidence, or highly unusual circumstances that would compel a different result.  In sum, Plaintiff fails to establish he is entitled to this extraordinary remedy.  Accordingly, the objection is overruled, and to the extent it may be construed as a Motion for Reconsideration, such motion is DENIED.

To the extent Plaintiff's third objection (ECF No. 42 at 17; *see also* ECF No. 36) may be construed as a Motion for Reconsideration of the magistrate judge's order denying Plaintiff's motion to appoint counsel (see ECF Nos. 32–33), such motion is without merit and is DENIED. *McDowell*, 197 F.3d at 1255.  Moreover, upon review of the entire file, the Court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a) (a magistrate judge's order regarding non-dispositive pretrial motions shall be upheld unless "clearly erroneous or contrary to law"); L.R. 303(f).  Accordingly, the objection is overruled, and to the extent it may be construed as a Motion for Reconsideration, such motion is DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations filed February 21, 2020 (ECF No. 35), are

2

adopted in full;

2.  Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 31) is DENIED;

3.  This action is DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow the Court's orders; and

4.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  May 11, 2020

Troy L. Nunley
United States District Judge