UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 2:18-cv-02218-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff Barry Louis Lamon's ("Plaintiff") "Rule 59(e) Motion to Alter or Amend the Judgment and/or, in the Alternative, Rule 60(b)(6) Motion to Vacate the Judgment." (ECF No. 45.) For the reasons set forth below, Plaintiff's Motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 15, 2018. (ECF No. 1.) The magistrate judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to comply with Federal Rule of Civil Procedure ("Rule") 8(a). (ECF No. 13.) However, the magistrate judge granted Plaintiff leave to file an amended complaint. (*Id.*)

On March 25, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 19.) On September 30, 2019, the magistrate judge screened Plaintiff's FAC and dismissed it for failure to comply with Rule 8, as well as Rule 20. (ECF No. 20.) The magistrate judge again granted leave to amend but cautioned Plaintiff that failure to comply with Rules 8 or 20 once more would result in dismissal with prejudice. (*Id.* at 2.)

On January 30, 2020, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 30.) On February 21, 2020, the magistrate judge screened Plaintiff's SAC and issued Findings and Recommendations finding that Plaintiff yet again failed to comply with the Federal Rules of Civil Procedure and recommending dismissal of the action with prejudice pursuant to Rule 41(b). (ECF No. 35.) Plaintiff timely objected to the Findings and Recommendations. (ECF No. 42.) On May 12, 2020, the Court overruled Plaintiff's objections, adopted the Findings and Recommendations in full, and dismissed the action with prejudice. (ECF No. 43.)

On June 5, 2020, Plaintiff filed the instant "Rule 59(e) Motion to Alter or Amend the Judgment and/or, in the Alternative, Rule 60(b)(6) Motion to Vacate the Judgment." (ECF No. 45.)

## II. STANDARD OF LAW

The Court may grant reconsideration under Rule 59(e) or 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822

F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiff's motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

### III.   ANALYSIS

Plaintiff does not present any newly discovered evidence or previously unavailable evidence. Nor does Plaintiff present an intervening change in controlling law, but instead attempts to impermissibly re-litigate the arguments set forth in his prior objections to the magistrate judge's Findings and Recommendations. *See Marlyn*, 571 F.3d at 880. Furthermore, Plaintiff's claim that he did not receive/had inadvertently lost page 2 of the magistrate judge's September 30, 2019 order (ECF No. 20) does not save this litigation. (*See* ECF No. 45 at 8.) Specifically, Plaintiff's claim is directly contradicted by the October 18, 2019 objections he filed to the September 30, 2019 order, in which Plaintiff expressly identifies and disputes the very

instructions provided by the magistrate judge that he now claims to have never received.  (*See* ECF No. 22.)

In sum, Plaintiff has had multiple opportunities to amend and nothing in Plaintiff's Motion for Reconsideration indicates any manifest errors of law or fact, newly discovered evidence, or highly unusual circumstances that would compel a different result.  Nor has Plaintiff shown that granting the motion is necessary to prevent manifest injustice.  Accordingly, Plaintiff fails to establish he is entitled to the extraordinary remedy provided for under Rule 59(e).  Therefore, the Court DENIES Plaintiff's Motion for Reconsideration.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 45) is hereby DENIED.

IT IS SO ORDERED.

DATED:  June 19, 2020

Troy L. Nunley
United States District Judge